```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------x

 FEIFEI GU,

                         Plaintiff,        MEMORANDUM & ORDER
                                           23-CV-4168(EK)(LB)

                -against-

 HONGYI ZENG, also known as HARRY
 ZENG,

                         Defendant.

---------------------------------------x

 FEIFEI GU,

                         Plaintiff,
                                           23-CV-4569(EK)(LB)
                -against-

 SERGIO JIMENEZ,

                         Defendant.

---------------------------------------x
```

ERIC KOMITEE, United States District Judge:

Plaintiff Feifei Gu filed these *pro se* actions in response to a landlord-tenant holdover proceeding in Kings County Housing Court that is slated for trial this month. She names as defendants the petitioner-landlord and the judge presiding over that state court matter. On June 20, Plaintiff filed an emergency order to show cause for a preliminary injunction and temporary restraining order in each action, seeking, among other relief, a stay of the impending trial date.

The Court consolidates these actions solely for the purpose of this Order. Plaintiff's requests to proceed *in forma pauperis* are granted. For the reasons discussed below, however, Plaintiff's complaints are dismissed, and her emergency requests for injunctive relief are thus denied as moot.

## I.  Background

In *Gu v. Zeng*, No. 23-CV-4168, Plaintiff Gu asserts violations of federal law in connection with a holdover proceeding initiated by Zeng against her in Kings County Housing Court under Index No. LT-325749-22/KI. *See* Compl. ¶ 5, ECF No. 1. Plaintiff asserts that, in the course of that action, Zeng violated various federal statutes — primarily in the criminal code — by making false statements, forging documents, and committing perjury. *Id.* at ¶¶ 7-17. Plaintiff seeks Zeng's imprisonment and monetary damages.

In *Gu v. Jimenez*, No. 23-CV-4569, Gu alleges that the judge presiding over her landlord-tenant action, Judge Sergio Jimenez, has "distorted the facts," refused her demand for a jury trial, and improperly denied her motion to dismiss. *See* Compl. ¶¶ 4-19, ECF No. 1. She again invokes statutes that criminalize making false statements, forgery, and perjury as the bases for her claims. *Id.* at ¶¶ 20-22. Plaintiff similarly seeks monetary damages, and asks that Judge Jimenez be "disbarred" and imprisoned.

## II.  Legal Standard

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  At the pleading stage, "all well-pleaded, nonconclusory factual allegations" in the complaint are assumed to be true.  *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010).[1]  *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and the Court will read a *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008).

Still, a *pro se* plaintiff is not exempt from "compliance with relevant rules of procedural and substantive law."  *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).  Furthermore, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *see Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

3

### III. Discussion

In both cases, Plaintiff attempts to invoke this Court's jurisdiction by alleging that the defendant violated various federal criminal statutes. Section 1331 grants a federal court jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; see Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006) ("A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States."). A federal court, however, lacks jurisdiction over a federal claim that "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction" or is "wholly insubstantial and frivolous." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998).

Here, Plaintiff states no valid federal claim. She asserts claims arising under Title 18, Sections 471, 472, 1621, and 1623 — federal statutes that criminalize "forgery" (i.e., counterfeiting) and perjury. "It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not . . . by private complaints." Conn. Action Now, Inc. v. Roberts Plating Co., 457 F.2d 81, 86-87 (2d Cir. 1972); see Sheehy v. Brown, 335 F. App'x 102, 104 (2d Cir. 2009) ("[F]ederal criminal statutes do not provide private causes of action."). Plaintiff therefore cannot

4

assert civil claims based on these federal criminal statutes. *See, e.g.*, *Hariprasad v. Master Holdings Inc.*, 788 F. App'x 783, 786 (2d Cir. 2019) (finding "no basis for implying a private right of action" under Section 472 and affirming dismissal for lack of subject-matter jurisdiction); *Ojeda v. Mendez*, No. 20-CV-3910, 2021 WL 66265, at *3 (E.D.N.Y. Jan. 7, 2021) (dismissing claims brought under Section 471, among other statutes); *Faraldo v. Kessler*, No. 8-CV-261, 2008 WL 216608, at *6 (E.D.N.Y. Jan. 23, 2008) (collecting cases and dismissing claims brought under Sections 1621 and 1623). For the same reason, Plaintiff cannot assert a private cause of action under 26 U.S.C. § 7206, a criminal provision of the Internal Revenue Code. *See Freedom Calls Found. v. Bukstel*, No. 5-CV-5460, 2006 WL 845509, at *28 (E.D.N.Y. Mar. 3, 2006) ("[T]here is no private right of action available to [counterclaimant] under 26 U.S.C. § 7206.").[2]

Ultimately, Plaintiff alleges claims arising from the tenant holdover proceeding in state court and the actions taken by the defendants in connection with that proceeding. Based on

---

[2] Plaintiffs also has not demonstrated subject-matter jurisdiction based on a diversity of citizenship. Under Section 1332, federal courts may exercise jurisdiction over state law claims where the parties are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(a). Here, Plaintiff indicates that she is a citizen of New York, and it appears that each defendant is as well.

5

the allegations in the complaints, the Court lacks federal jurisdiction over such landlord-tenant and related matters. *See, e.g.*, *Johnson v. Ikezi*, No. 20-CV-2792, 2021 WL 1091910, at *2 (E.D.N.Y. Mar. 22, 2021) ("[T]o the extent Plaintiffs seek the Court's intervention in a landlord-tenant proceeding, there is . . . no basis for federal jurisdiction."); *Southerland v. N.Y.C. Hous. Auth.*, No. 10-CV-5243, 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011) (dismissing claims for wrongful eviction for lack of subject-matter jurisdiction).[3]

Moreover, even if Plaintiff could assert private causes of action here, her claims against Judge Jimenez would be barred by absolute immunity.  Judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities, save for a few exceptions not applicable here. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (suits for money damages); 42 U.S.C. § 1983 (suits for injunctive relief). "[A]cts arising out of, or related to, individual cases before

---

[3] Additionally, Plaintiff's request for emergency injunctive relief — to stay the ongoing holdover proceeding in Kings County Housing Court — is barred by the Anti-Injunction Act.  Under that statute, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.  Courts in this Circuit have regularly applied the Anti-Injunction Act in denying requests to enjoin state-court eviction proceedings. *See, e.g.*, *Watkins v. Ceasar*, 88 F. App'x 458, 459 (2d Cir. 2004); *Sierra v. City of New York*, 528 F. Supp. 2d 465, 467-69 (S.D.N.Y. 2008); *Allen v. N.Y.C. Hous. Auth.*, No. 10-CV-168, 2010 WL 1644956, at *3 (S.D.N.Y. Apr. 20, 2010) (collecting cases).

the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). Here, the claims against Judge Jimenez arise from decisions made during the state court holdover proceeding and thus plainly fall within the scope of his judicial capacity. As a result, such claims are barred by judicial immunity. *See, e.g.*, *Herbert v. Devito*, No. 18-CV-5287, 2018 WL 4845737, at *3 (E.D.N.Y. Oct. 4, 2018); *Southerland*, 2011 WL 73387, at *2.

## IV.   Conclusion

For the foregoing reasons, Plaintiff's requests to proceed *in forma pauperis* are granted. Her complaints are dismissed without prejudice. *See* Fed. R. Civ. P. 12(h)(3). The emergency requests for a preliminary injunction and temporary restraining order are denied as moot. The Clerk of Court is directed to enter judgment, close these cases, and mail a copy of this Memorandum and Order to Plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore

*in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:   June 22, 2023
         Brooklyn, New York